PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

KILEE BIBBS,                          )
                                      )   CASE NO.  4:25CV2755
            Plaintiff,                )
                                      )   JUDGE BENITA Y. PEARSON
       v.                             )
                                      )
OHIO DRC,                             )   **MEMORANDUM OF OPINION**
                                      )   **AND ORDER**
            Defendant.                )   [Resolving ECF Nos. 2 and 3]


## I.  Background

*Pro Se* Plaintiff Kilee Bibbs, an Ohio prisoner, has filed an *in forma pauperis* civil rights

Complaint (ECF No. 1) against Ohio DRC in the above-entitled action.  His pleading, however,

does not set forth factual allegations or legal claims that are intelligible to the Court.  His

Statement of Claim, in its entirety, is that:

> Any more retaliation after this case is filed, will result in RICO claims.  The
> Defendant has exposed me to a retaliatory denial of coextensive ADA/RA benefits
> of the grievance process as explained in detail with 28 U.S.C. 1732 exhibits to my
> "motion for authorization to sue" and be heard.

ECF No. 1 at PageID #: 3, ¶ IV. (underlining in original).

For relief, he states:

> I seek for an injunction that will permanently, for a, duration of 20 years ban
> Uriah Melton and Devlin, also agent Corant from entering a facility to handle
> Federal funding related tasks in Ohio, in light of U.S. Supreme Court precedent[.]
> I seek $One million dollars Barnes compensation through implied in law contract
> terms of Ohio law.

ECF No. 1 at PageID #: 4, ¶ V. (underlining in original).

(4:25CV2755)

## II.  Standard of Review

District courts are expressly required, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to screen all *in forma pauperis* complaints filed in federal court, and any civil complaint in which a prisoner seeks redress from a governmental entity; and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

To survive a dismissal for failure to state a claim, a *pro se* "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under §§ 1915(e)(2)(B) and 1915A).  A complaint "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  While detailed allegations are not required, in order to survive a dismissal, a complaint must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.   In addition, to meet federal notice pleading requirements, a complaint must set forth allegations sufficient to give fair notice of what the plaintiff's legal claims are and the grounds upon which the claims rest. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

(4:25CV2755)

### III. Discussion

### A.

Upon review, the Court finds that the Complaint (ECF No. 1) warrants *sua sponte* dismissal for failure to state a claim.  The unclear and largely conclusory assertions set forth in the pleading fail to meet basic federal pleading requirements or suggest Plaintiff has any plausible federal claim against Defendant upon which he may be granted relief.  *See Iqbal*, 556 U.S. at 678; *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Furthermore, the Ohio DRC, the only defendant specifically named in the Complaint (ECF No. 1), is not subject to suit for federal civil rights violations under 42 U.S.C. § 1983.  *See, e.g,*, *Peeples v. Dep't of Rehab. & Corr.*, No. 95-3117, 1995 WL 445714, at *1 (6th Cir. July 26, 1995) (affirming dismissal of § 1983 suit against the Ohio Department of Rehabilitation & Correction because "a state is not a 'person' subject to suit under § 1983" and is immune from suit under the Eleventh Amendment); *Henton v. Ohio Dep't of Rehab. & Corr.*, No. 1:19CV0462, 2019 WL 4346266, at *1 (N.D. Ohio Sept. 12, 2019) ("The ODRC is an agency of the State of Ohio and, therefore, not a 'person' under § 1983 for the purposes of the statute.").

### B.

Plaintiff's Motion for Authority to Sue *Pro Se* (ECF No. 3) is also convoluted, unclear and fails to set forth allegations sufficient to meet basic pleading requirements.  In any case, it is not the Court's obligation to scour his motion to discern his legal claim or claims and the

3

(4:25CV2755)

grounds for them.  Although *pro se* pleadings are generally liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  *Pro se* plaintiffs must meet basic pleading requirements, and courts are not required to conjure allegations or create claims on their behalf. *Erwin v. Edwards*, 22 Fed.Appx. 579, 580 (6th Cir. 2001).  "[T]here is no 'duty (on the part) of the trial court or the appellate court to create a claim which [a *pro se* plaintiff] has not spelled out in his pleading.' " *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (per curiam) (quoting *Case v. State Farm Mut. Auto. Ins. Co.*, 294 F.2d 676, 678 (5th Cir. 1961)) (brackets added).

### IV.  Conclusion

Accordingly, Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 2) is granted.  Plaintiff's Motion for Authority to Sue *Pro Se* (ECF No. 3) is denied.

This action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


__April 30, 2026__                         __/s/ Benita Y. Pearson__
Date                                       Benita Y. Pearson
                                           United States District Judge

4